545 P.2d 942

**STATE TAX COMMISSION of Arizona, Appellant,**

v.

**MONTGOMERY WARD & CO., INC., Appellee.**

**No. 12012.**

Supreme Court of Arizona,
In Division.

Feb. 3, 1976.

Rehearing Denied March 9, 1976.

Gary K. Nelson, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Ian A. Macpherson, Asst. Atty. Gen., Phoenix, for appellant.

Shimmel, Hill, Bishop & Gruender by Richard B. Johnson, Phoenix, for appellee.

HOLOHAN, Justice.

Montgomery Ward & Co., Inc. brought suit against the Arizona State Tax Commission for the recovery of transaction privilege taxes paid under protest and allegedly collected in violation of state law. The trial court awarded judgment in favor of Montgomery Ward & Co., Inc. and the Arizona State Tax Commission appealed.

The appellee conducts a large-scale business operation in Arizona with a total sales volume in excess of $30 million for each fiscal year. More than one-half of appellee's sales are credit transactions. All sales by the appellee, whether cash or credit, may include both taxable and tax-exempt charges. In mid-May of 1971, appellee filed with the State Tax Commission its monthly return for the month of April, 1971, and paid under protest the sum of $35,892.65. This amount represented a portion of the tax attributable to appellee's taxable credit sales for the period covered by the return. A written verified statement of protest accompanied the return objecting to the tax on the ground that appellee was entitled to extend the time for payment of the tax due on taxable credit sales until collection is received from its customers in accordance with the election provided in A.R.S. § 42–1322(D). Appellee sought administrative relief pursuant to A.R.S. § 42–1338, which relief was denied. Pursuant to A.R.S. § 42–1339(B), appellee filed this action to recover the alleged overpayment of taxes.

The issue presented is whether a taxpayer on an accrual basis is authorized an extension of time for payment of the transaction privilege tax on taxable credit sales.

■ Extension of time for payment is provided for in A.R.S. § 42–1322(D). This section provides as follows:

"Any person taxable under this article making cash and credit sales, shall report such cash and credit sales separately, and upon making application therefor may obtain from the commission an extension of time for payment of taxes due on the credit sales. The extension shall be granted by the commission under such rules and regulations as the commission prescribes. When the extension is granted, the taxpayer shall thereafter include in each monthly report all collections made on such credit sales during the month next preceding, and shall pay the taxes due thereon at the time of filing such report." (Emphasis supplied.)

The underscored language in the quoted provision makes it clear that the extension of time intended is to be related to the period of time during which the taxpayer makes collections on the credit sale.

To implement A.R.S. § 42–1322(D), the Tax Commission has promulgated regulations. Rule 15–5–602(E) provides that when a person elects to report and pay taxes on a cash receipts basis he shall report the total cash sales for the month and all amounts received during the month on accounts receivable and conditional sales contracts. In contrast, a person who elects to report and pay taxes on an accrual basis shall pay the tax on the gross proceeds of sale or gross income for the month, whether or not such sales are cash, credit, or conditional sales. Rule 15–5–602(F). Although these regulations do not alter the point of time at which tax liability is determined, they do permit the taxpayer operating on the cash receipts basis to defer payment of the tax due on a credit sale over the period of time during which amounts are received under the credit sale. By virtue of Rule 15–5–602(D), the taxpayer may elect, at the time the transaction tax license is issued, whether to report and pay taxes under the cash receipts basis or accrual basis. To change the method of reporting, written consent of the Commission must be obtained. Rule 15–5–602(D). Thus, a taxpayer obtains the extension of time for payment of taxes provided in A.R.S. § 42–1322(D) by electing to report and pay taxes on a cash receipts basis. A taxpayer who initially selects the accrual basis as the method of reporting and paying taxes may obtain an extension of time for payment of taxes only by first obtaining permission from the Commission to convert his method of reporting to the cash receipts basis.

In 1964, appellee sought and obtained permission from the Commission to change its method of reporting and paying its transaction privilege tax from the accrual basis to the cash receipts basis. Because appellee's bookkeeping procedures were in-

adequate to reflect the non-taxables or deductions on the payments received each month on its credit accounts, the Commission denied appellee the right to take any deductions on the collections at all. *See* A.R.S. § 42–1329. Appellee, however, continued to make such deductions, and in 1969, the Commission withdrew its permission for the appellee to report on the cash receipts basis.

Because of its high volume of credit sales, appellee sought permission from the appellant to defer payment of the tax on such taxable credit sales until the sales proceeds were collected from the customers. Three proposed methods were presented to the Commission by the appellee. Each method essentially involved a deferral of tax payments over an 18-month period to correlate with the average period of turnover of appellee's credit accounts. The method most desired by the appellee was referred to as the "refined straight line amortization period" and was described as follows:

"(a) At the end of each month, Appellee determines its total taxable cash sales, total tax-exempt cash sales, total taxable credit sales and total tax-exempt credit sales.

"(b) The tax liability on the total taxable cash sales is reported and paid to the State of Arizona immediately.

"(c) The tax liability on the total taxable credit sales is deferred and reported and paid to the State in installments over a period representing the average period of turnover of Appellee's credit accounts in Arizona, which at the time of trial, was 18 months.

"(d) The percentage of the total tax deferral remitted to the State each month varies from month to month but is correlated directly to the historical collection experience of the company for each month.

"(e) The average period of account turnover and the percentage of the total monthly tax deferral paid each month is continuously adjusted by Appellee to reflect changes in turnover and collections."

Through its efforts to obtain an extension of time for payment of its tax liability on credit sales while utilizing the accrual basis in reporting and paying its taxes, the appellee is attempting to require the Commission to conform its rules and regulations to appellee's internal bookkeeping procedures. Appellee complains that it cannot determine at the time collections are received from credit sales what portions are subject to tax and what portions are exempt. Appellee therefore is asking that he be allowed to determine the total amount of payments due the Commission during the month in which the transaction occurs, for it is only at this time that appellee maintains adequate records to reflect taxables and non-taxables, and then to defer payment of the taxables over the credit sales period. The Tax Commission correctly ruled that this procedure was unauthorized by the statute. We find that appellee's proposed methods of reporting and paying its transaction privilege taxes violates A.R.S. § 42–1322(D) in that it seeks to determine the amount payable of its total tax liability on a credit sale at a time other than during the month in which collections are received on such credit sales. The Commission has adopted reasonable rules and regulations implementing § 42–1322(D), and those regulations provide a taxpayer with the proper method for obtaining an extension of time to pay the tax on credit sales.

The judgment of the superior court is reversed.

CAMERON, C. J., and HAYS, J., concur.